### In re BROWNSVILLE PROPERTY CORPORATION, INC., Debtor.

**Falck Properties, LLC, Plaintiff**

v.

**Walnut Capital Real Estate Services, Inc., et al., Defendant.**

**Bankruptcy No. 10–21959–MBM.**
**Adversary No. 12–2029–TPA.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 7, 2012.

Robert O. Lampl, Pittsburgh, PA, for Plaintiff.

Richard J. Parks, Pittsburgh, PA, Richard J. Parks, Pietragallo Gordon Alfano Bosick & Raspa, Sharon, PA, for Defendant.

### MEMORANDUM ORDER

THOMAS P. AGRESTI, Chief Judge.

This case originated in the Allegheny County Court of Common Pleas and was removed here by the Defendants on January 26, 2012. Very briefly, the Complaint alleges that the Defendants, who were retained by the Chapter 7 Trustee to assist in the marketing of some real estate, misrepresented the zoning status of the property to the detriment of the Plaintiff. Presently at issue are a *Motion to Dismiss* filed by the Defendants at Doc. No. 5 and a *Motion to Remand Proceedings to the Court of Common Pleas of Allegheny County, or in the Alternative, Abstain from Hearing the Case* ("Motion to Remand"), filed by the Plaintiff at Doc. No. 12. The Parties have filed briefs, there have been several arguments, and the two motions are now ripe for decision. Even though it was filed chronologically later, the *Motion to Remand* would normally be considered first since, if granted, it would render the *Motion to Dismiss* moot, at least in this Court. However, the *Motion to Dismiss* raises a jurisdictional issue in the form of the *Barton* doctrine that must be addressed on a preliminary basis.

Under that doctrine, originally announced in *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), a party must obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity. If such leave of court is not obtained, the other forum lacks subject matter jurisdiction to hear the case. As a general proposition, this doctrine remains viable in the Third Circuit, as confirmed by the recent decision of *In re VistaCare Group, L.L.C.*, 678 F.3d 218 (3d Cir.2012). Even after *VistaCare*, however, some question remains as to whether and how far the doctrine extends beyond an actual bankruptcy trustee.

The majority of cases extend the doctrine to professionals retained by a trustee who have been approved by the bankruptcy court to assist with trustee duties. *See, e.g., Lawrence v. Goldberg,* 573 F.3d 1265 (11th Cir.2009) (applying doctrine to trustee, trustee's court-approved attorneys, investigator retained with court approval, and creditor under court-approved financing agreement who had agreed to finance trustee's efforts to bring property into the estate); *Blixseth v. Brown,* 2012 WL 691598 (D.Mont. March 5, 2012) (doctrine applied to chairman of the unsecured creditors' committee as court approved officer); *Carter v. Rodgers,* 220 F.3d 1249 (11th Cir.2000) (antique company that court had appointed to sell property of the debtor was covered by the *Barton* doctrine); *Equipment Leasing, L.L.C. v. Three Deuces, Inc.,* 2011 WL 6141443 (E.D.La.2011) (doctrine applied to auctioneer which had been appointed by bankruptcy court). The Court thus finds that the Defendants, as real estate professionals appointed by the Court to assist

the Trustee under the circumstances of this case, fall within the protection of the *Barton* doctrine.

This finding is problematic for the Plaintiff because, as required by the *Barton* doctrine, it never obtained the Court's approval before filing this action. The Court could dismiss the case for that reason, but the dismissal would be without prejudice. If this approach was taken, it is likely that the Plaintiff would simply reinitiate the process, beginning this time by seeking approval from the Court before actually filing a new action.[1] Rather than exalt form over substance in that fashion, the Court finds that the better course is to simply make the determination now as to whether the case should be permitted to proceed under the *Barton* doctrine.

 The *VistaCare* case is controlling on the standard to be applied and instructs that the Plaintiff has the burden of making out a prima facie case against the Defendants by showing that its claim is "not without foundation." *VistaCare*, at 232. The Court has no trouble concluding that the Plaintiff has met that rather minimal standard, therefore the case will be given *nunc pro tunc* approval for *Barton* doctrine purposes, obviating that impediment to Plaintiff in proceeding with its cause.

 The resolution of the *Barton* doctrine issue means the state court action was appropriately filed and was then removed to this Court pursuant to *28 U.S.C. § 1452*. By filing the *Motion for Remand* the Plaintiff is seeking to have the case sent back to state court and that request

can now be considered. The principal argument raised by the Plaintiff in the *Motion to Remand* is that the Court lacks even "related to" jurisdiction in this matter because no assets of the estate will be affected by the outcome of the case. The Defendants agree that estate assets will not be affected *per se*, but they argue that related to jurisdiction nevertheless exists because the outcome of the case will affect the process in the case. Defendants claim that the Chapter 7 Trustee will now need to be joined as a party, and the damages which the Plaintiff is seeking are directly related to and clearly implicate orders previously made by the Court in the main bankruptcy case.

The Court is not persuaded by the first of the Defendants' arguments because it is speculative whether the Trustee will ever be sought to be joined as a party. The Defendants have not claimed that the Trustee is a "necessary" party, nor have they articulated a convincing explanation as to why the Trustee would bear any liability for the zoning misrepresentation. However, the second argument by the Defendants is stronger and requires closer attention.

Although the Complaint as filed in state court includes a count for fraudulent misrepresentation, the Defendants have since orally withdrawn any fraud-based cause of action in this matter. *Audio of April 2, 2012 hearing at 10:08:30*. The only remaining counts in the Complaint are therefore negligence and negligent misrepresentation. The Plaintiff concedes that these claims cannot support any kind of expecta-

---

1. As the Plaintiff stated during argument, if the Court were to dismiss the present case for failure to first seek permission as required by the *Barton* doctrine, the Plaintiff would immediately respond by filing a motion for leave to file a new action in state court against the Defendants. Assuming the Court granted permission to proceed, a new state court ac-

tion would then be filed, and in all likelihood, the Defendants would then file another notice of removal bringing the matter back to this Court. Looking even further down the road, it is reasonable to conclude that another motion for remand and another motion to dismiss (minus the *Barton* issue) would be filed, leaving the Court right back where it is now.

tion damages [2], leaving hand money paid and related expenses allegedly incurred as the only damages that Plaintiff is seeking in this matter. Such a remedy, however, would be directly related to the sale process and orders issued in the main bankruptcy case. *See, e.g.,* February 9, 2011 *Order* at ¶ 4, Main Case Doc. No. 206. In other words, if the Plaintiff is successful in this action it would necessarily impact the bankruptcy process by effectively modifying prior orders related to the sale and allowing the Plaintiff to recover as damages non-refundable hand money it previously paid pursuant to those orders. The Court thus finds that a sufficient nexus exists between the case filed by the Plaintiff and the main bankruptcy case to at least establish related to jurisdiction [3] and the *Motion to Remand* must therefore be denied. Plaintiff's alternative request for abstention will also be denied.[4]

The Court may now turn to a consideration of what remains of the *Motion to Dismiss*. The Defendants raise five (5) grounds in the *Motion to Dismiss*. *See id.* at ¶ 10. Most of these have already been resolved. The *Barton* doctrine (¶ 10(a)) has been addressed above. The conten-

tion that Plaintiff is improperly attempting to bring an action for violation of the *Pennsylvania Real Estate Licensing and Registration Act*, 63 P.S. § 455.001, et seq. (¶ 10(c)) was adequately addressed at the oral argument when Plaintiff's Counsel stated that the statute was simply being cited as a source of duty for the negligence claims, not as the basis for a private statutory cause of action. The arguments that Plaintiff has failed to state a claim for fraudulent misrepresentation (¶ 10(d)), and that Plaintiff is not entitled to recover expectation damages (¶ 10(e)) have both been rendered moot by the Plaintiff's withdrawal of the fraudulent misrepresentation claim.

The sole remaining argument in the *Motion to Dismiss* is that the Defendants are entitled to quasi-judicial immunity from this suit (¶ 10(b)). The Defendants, however, concede that there is no Third Circuit authority to extend such immunity even to bankruptcy trustees, let alone to real estate brokers. *See Brief in Support of Motion to Dismiss* at 3, Doc. No. 6. In the absence of any such authority, the Court declines to find that Defen-

2. In its Brief filed in opposition to the *Motion to Dismiss,* the Plaintiff argued only that a fraud claim (now withdrawn) can support expectation or loss of bargain damages. *See* Doc. No. 16 at 8.

3. Given the finding that if Plaintiff were to prevail it would effectively alter or amend prior orders in the main bankruptcy case, it is conceivable the matter might properly be characterized as implicating "arising in" jurisdiction and being a core proceeding. *See 27 U.S.C. §§ 157(b)(2)(A)* (matters affecting the administration of the estate), *157(b)(2)(N)* (orders approving the sale of property), *157(b)(2)(O)* (other proceedings affecting the liquidation of assets of the estate). The Court need not make that determination at this time since the existence of related to jurisdiction is itself sufficient to deny remand.

4. To the extent that Plaintiff is seeking permissive or discretionary abstention, the Court declines to grant that request. To the extent Plaintiff is seeking mandatory abstention pursuant to *11 U.S.C. § 1334(c)(2)*, the Court must decline that request as well. The mandatory abstention provision of *Section 1334(c)(2)* is subject to the overarching principle that such abstention should only be granted "if that will not adversely affect the bankruptcy proceedings." *Stoe v. Flaherty*, 436 F.3d 209, 214 (3d Cir.2006). Here, even if the other factors for mandatory abstention were present, the Court finds that the bankruptcy proceedings would indeed be adversely affected if a state court were permitted to nullify the orders of this Court. For that reason, the Court will not invoke mandatory abstention.

dants enjoy any such immunity under the circumstances of this case.

The *Motion to Dismiss* must therefore be denied. Nevertheless, the Plaintiff will be required to file an Amended Complaint to formally remove the fraudulent representation claim and to make clear that no expectation damages are being sought.

AND NOW, this 7th day of **June, 2012,** for the reasons stated above and on the record at the time of the hearings, it is **ORDERED, ADJUDGED and DE-CREED** that:

(1) Although the Plaintiff failed to obtain the prior approval of this Court under the *Barton* doctrine before filing this action, the Court elects to now give the necessary approval on a *nunc pro tunc* basis, thereby allowing the case to proceed.

(2) The *Motion to Remand* is *DE-NIED.*

(3) Subject to Paragraph (1) above, the remainder of the *Motion to Dismiss* is *DENIED.*

(4) *On or before June 25, 2012,* the Plaintiff shall file an *Amended Complaint* that omits any claim for fraudulent representation and makes clear that Plaintiff is not seeking any expectation or loss of bargain type damages.

(5) *On or before July 15, 2012,* the Defendants shall answer or otherwise respond to the *Amended Complaint.*